IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICHOLAS FUENTES,

    *Plaintiff,*

v.

JOSEPH R. BIDEN, JR., *et al.*,

    *Defendants.*

Case No. 1:21-cv-03106 (APM)

## NOTICE OF SUPPLEMENTAL AUTHORITY

Official Capacity Defendants file this Notice to inform the Court of supplemental authority bearing on claims in this case. On November 9, 2022, the United States Court of Appeals for the Ninth Circuit issued the attached opinion in *Magassa v. Mayorkas*, No. 21-35700 (Ex. 1), which concerned among other issues the scope of the jurisdictional channeling provision of 49 U.S.C. § 46110. That opinion further reinforces that the court lacks jurisdiction over Plaintiff's claims in this case.

In *Magass*a, TSA revoked the security badge of a Delta Airlines employee (the plaintiff), and issued an "Initial Determination of Eligibility and Immediate Suspension" letter, which stated that Magassa "may no longer be eligible to hold airport-approved and/or airport-issued personnel identification media." Slip Op. at 7. Magassa timely appealed that decision through the TSA Redress Process, which included a hearing before an Administrative Law Judge. The ALJ found that TSA's determination was supported by substantial evidence. TSA subsequently reversed its position and informed Magassa that he was "eligible to maintain airport-issued identification media." Slip. Op. at 8. Nevertheless, Magassa argued "that [he] continues to experience traveling

delays and harassment by TSA personnel and remains on a government watch list." Slip Op. at 9. As relevant here, Magassa then sued a number of defendants, including TSA, CBP, the Department of Justice, and the FBI in their official capacities, alleging violations of his due process rights under the Fifth Amendment (among other claims). The District Court found that judicial review was not barred by the jurisdictional statute in 49 U.S.C. § 46110, but concluded it lacked jurisdiction over Magassa's APA claim because the TSA Redress Process did not constitute final agency action. *Id.* at 9.

The Ninth Circuit affirmed the jurisdictional dismissal on other grounds, finding specifically that the TSA Redress Process at the heart of Magassa's case was an "order" within the meaning of 49 U.S.C. § 46110, and thus the district court lacked jurisdiction to adjudicate Magassa's claims. Surveying case law, the Ninth Circuit observed that district courts "retain[] jurisdiction over challenges to TSA orders only when '§ 46110 does not explicitly allow [the Court of Appeals] to hear them,'" Slip Op. at 17 (quoting *Latif v. Holder*, 686 F.3d 1122, 1128 (9th Cir. 2012), and noted two narrow exceptions: claims against agencies not covered by § 46110 (e.g., the TSC) and claims for damages. *See id.* (citing *Crist v. Leippe*, 138 F.3d 801, 802–05 (9th Cir. 1998) (due process claim for damages); *Foster v. Skinner*, 70 F.3d 1084, 1086–88 (9th Cir. 1995) (Fifth and Sixth Amendment Bivens claims); *Mace v. Skinner*, 34 F.3d 854, 856–60 (9th Cir. 1994) (same). With respect to the TSA Redress Process at issue in Magassa's case, the Ninth Circuit noted that "[a]lthough seemingly not an 'order' in the intuitive sense, we have essentially held that final agency actions under the APA are also orders under § 46110," Slip Op. at 20, and reversed the district court's finding to the contrary that the TSA Redress Process at issue in Magassa's case was not a final agency action. *Id.* at 22.

2

Finally, the Court noted that even "broad constitutional challenges" to TSA "policies and procedures 'implementing the No-Fly List'" fell within the jurisdictional ambit of Section 46110. *Id*. at 21 (quoting *Ibrahim v. DHS*, 538 F.3d 1250, 1256–57 (9th Cir. 2008)).  Giving "broad construction to the term 'order' in § 46110," *see* Slip Op. at 23 (quoting *MacLean v. DHS*, 543 F.3d 1145, 1149 (9th Cir. 2008)), the Court found that the district court lacked jurisdiction over Magassa's claims insofar as they challenged the TSA Redress Process.

Dated: November 14, 2022

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General, Civil Division

BRIGHAM J. BOWEN
Assistant Director, Federal Programs
Branch

*/s/ Alexander N. Ely*
ALEXANDER N. ELY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
Tel: (202) 616-8244

*Counsel for Official Capacity Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants.

/s/ Alexander N. Ely
Alexander N. Ely

*Counsel for Official Capacity Defendants*