UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICHOLAS FUENTES,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-03106 (APM) |
| **JOSEPH R. BIDEN, JR.,** *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Nicholas Fuentes seeks an order declaring that the Transportation Security Administration's ("TSA") "operation of the No Fly List" violates many of his constitutional rights. Am. Compl., ECF No. 13, at 17.  At the core of his complaint is the belief that he is on a no-fly list and that TSA unlawfully uses selection criteria for such lists that contravenes rights protected by the First, Fifth, Ninth, and Fourteenth Amendments.  *Id.* ¶¶ 72, 84, 90, 96, 102.  He seeks declaratory relief for his claimed constitutional violations.  *Id.* at 17.[1]  Before he filed suit, however, TSA removed Plaintiff from its "Deny Boarding List."  *See* Official Capacity Defs.' Mot. to Dismiss Am. Compl., ECF No. 17 [hereinafter Defs.' Mot.], Ex. 1, ECF No. 17-1; Reply Mem. of P & A in Support of Defs.' Mot., ECF No. 19, Vieco Decl., ECF No. 19-1, ¶ 13.  As a result of his removal, Plaintiff cannot plausibly make out an injury in fact to establish standing, and so the court lacks jurisdiction to adjudicate his claims.

---

[1] Plaintiff's prayer for relief requests "compensatory damages as allowed by law" and "punitive damages as allowed by law." Am. Compl. at 17. Plaintiff, however, abandons his demand for money damages in his opposition brief. Pl.'s Mem. in Opp'n to Mot. to Dismiss, ECF No. 18, at 7 (stating that "plaintiff seeks equitable relief governing future conduct, not money damages to compensate for past harm"; conceding that "a claim for money damages for retrospective relief must be taken to the appellate court").

When, as here, a plaintiff seeks "prospective declaratory and injunctive relief, he must establish an ongoing or future injury that is 'certainly impending'; he may not rest on past injury." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (emphasis omitted)). "[T]hreatened injury must be *certainly impending* to constitute injury in fact,' and "[a]llegations of *possible* future injury' are not sufficient." *Clapper*, 568 U.S. at 409. "[A] 'speculative' possibility of future injury does not suffice." *Viasat, Inc. v. FCC*, 47 F.4th 769, 778 (D.C. Cir. 2022) (quoting *Clapper*, 568 U.S. at 410). Nor will an "objectively reasonable likelihood" of injury or an injury dependent upon a "highly attenuated chain of possibilities." *Clapper*, 568 U.S. at 410. Importantly, the standing inquiry is "especially rigorous when reaching the merits of the dispute would force [a court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Id.* (internal quotations and citation omitted).

Here, TSA removed Plaintiff from its Deny Boarding List on November 2, 2021, three weeks before he filed suit on November 23, 2021. *See* Compl., ECF No. 1. His pre-suit listing and exclusion from flights therefore cannot suffice to establish the requisite ongoing or future injury. Nor has he alleged other facts that would support the plausible inference that he is "suffering an ongoing injury or faces an immediate threat of injury." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). In fact, the record evidence is to the contrary: Defendants have stated in a sworn declaration that "TSA will not place [Plaintiff] back on TSA's Deny Boarding List based on the currently available information." Vieco Decl. ¶ 14.

In his opposition brief, Plaintiff makes no attempt to show that future injury is certainly impending following his removal from the Deny Boarding List. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss, ECF No. 18 [hereinafter Pl.'s Opp'n], at 3–7. Instead, he urges that his claims are "not

moot." *Id.* at 3. But standing and mootness are not the same. They are "related concepts," but their application is measured at different times. *Garden State Broad. Ltd. P'ship v. FCC*, 996 F.2d 386, 394 (D.C. Cir. 1993). "The Supreme Court has characterized mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Id.* (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (internal quotation omitted)). In this case, standing, not mootness, is the relevant inquiry because TSA removed Plaintiff from the Deny Boarding List *before* he filed suit.

Because Plaintiff adopts the framework of mootness, he mistakenly contends that the "capable of repetition, yet evading review" exception applies. Pl.'s Opp'n at 4. But "if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000).

In the interest of completeness, the court addresses an argument that Plaintiff has not made: that he has plausibly established "certainly impending" injury because TSA twice disallowed him to travel even after the agency delisted him on November 2, 2021. *See* Am. Compl. ¶¶ 62–64. Those claimed refusals occurred on December 20, 2021, and March 19, 2022. *Id.* Those alleged episodes do not, however, convince the court that Plaintiff has standing.

With respect to the March 19, 2022 allegation, the court does not accept it as true because Defendants have offered contrary evidence. *See In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 54 (D.C. Cir. 2019) (explaining that the court must accept the complaint's well-pleaded factual allegations as true, but only if "defendants challenge standing at the pleading stage without disputing the facts alleged in the complaint"). In a sworn declaration and with

supporting proof, Defendants have shown that an airline error prevented Plaintiff from flying on that day, not a TSA restriction. *See* Vieco Decl. ¶ 20. The March 19, 2022 incident therefore does not support future injury.

Defendants have not offered any evidence as to the December 20, 2021 episode, so the court accepts as true that an "airline refused to let [Plaintiff] check in – claiming that the TSA would not let [him] fly." Am. Compl. ¶ 62. Still, that single instance during the nearly six months between his delisting (November 2, 2021) and when he filed his Amended Complaint (May 2, 2022) does not plausibly support that Plaintiff's claimed injury is "certainly impending." The court would have to speculate based on that one episode that the next time Plaintiff attempts to fly, TSA will stop him because he is on a no-fly list other than the Deny Boarding List. Standing cannot rest on such speculation, particularly when, as here, the plaintiff is asking the court to evaluate the constitutionality of criteria that TSA uses to restrict persons who "may be a threat to civil aviation or national security." 49 U.S.C. § 114(h)(3)(A). Plaintiff has not satisfied the "especially rigorous" standing inquiry the court must conduct here. *See Clapper*, 568 U.S. at 410.

For the foregoing reasons, Official Capacity Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 17, is granted. A separate, final order accompanies this Memorandum Opinion.

Dated: January 27, 2023

_____
Amit P. Mehta
United States District Court Judge